UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY ELLIOT, and TIMOTHY ELLIOT,

        Plaintiffs,

                                               Case number 05-71501

    v.                                          Honorable Julian Abele Cook, Jr.

BOTSFORD CONTINUING HEALTH CENTER, a
domestic non-profit corporation, and LAWRENCE
PERKINS, an individual, jointly and severally.

        Defendants.

ORDER

On November 30, 2005, the Plaintiffs, Kimberly and Timothy Elliot, filed a motion seeking to obtain a voluntary dismissal of their cause, without prejudice.[1]  For the reasons that have been set forth below, this Court will deny their motion for a voluntary dismissal of this lawsuit.

I.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  In 1969, the Sixth Circuit Court of Appeals ("Sixth Circuit") declared that the district court has the discretion to determine whether to grant or deny a party's request for an involuntary dismissal pursuant to the Federal Rules of Civil Procedure. *Garner v. Missouri-Pacific Lines*, 409 F.2d 6, 7 (6th Cir. 1969).  The denial of such a motion is appropriate if and

_____

[1]Contemporaneously with their filing of this motion, the Plaintiffs filed a motion which, if granted, would allow them to amend their complaint.

when "plain legal prejudice" is a likely result. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In determining whether a defendant will suffer "plain legal prejudice," the Sixth Circuit has articulated four factors that a trial court should consider when determining whether to grant or deny a voluntary dismissal; namely, (1) a defendant's effort and expense in preparing for trial; (2) an excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) an insufficient explanation for the need to request a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Id.*

II.

In responding to the Plaintiffs' motion, the Defendants assert that they have incurred significant costs and expenses in preparing for trial. Moreover, it is their collective position that they have (1) engaged in a lengthy discovery process as of this date, (2) conducted numerous depositions of those persons whose testimony may be vital to this case, and (3) prepared and filed a dispositive motion which will address the legal sufficiency of the Plaintiffs' claims.[2] An examination of the official record in this cause reveals that the Plaintiffs have not conducted any depositions in this case. According to the Defendants, the Plaintiffs have failed or neglected to respond to their discovery interrogatories and, moreover, they have declined to fully cooperate in the overall discovery process.

III.

---

[2]It should be noted with significance that the filing of the Defendants' motion for summary judgment preceded the Plaintiffs' request for a voluntary dismissal by approximately twenty six (26)days.

2

On November 4, 2005, the Defendants filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, asserting that there are no genuine issues of a material fact to be resolved in this case. With recognition that such a filing would ordinarily militate against the granting of the pending motion for a voluntary dismissal and after considering the other *Grover by Grover* factors, the Court finds that the Plaintiffs have failed to adequately articulate their need for a voluntary dismissal of this action in the absence of a willingness to (1) dispose of this litigation with prejudice and (2) fully compensate the Defendants for their accumulated costs, expenses and attorney fees. Although the Plaintiffs have asserted prejudice if their pending motion is rejected by the Court, they have not adequately articulated the reasons why a voluntary dismissal of their claims is necessary under the circumstances in this legal proceeding.

A review of the official records in this litigation indicates that this case was filed with the Court on April 18, 2005. Nevertheless, the Plaintiffs waited over six months thereafter to initiate their request for a voluntary dismissal of this lawsuit without prejudice. Given that (1) the Defendants have expended a substantial amount of time and expense in preparation of the upcoming trial in this matter, (2) the Plaintiffs have neither been diligent in prosecuting this action nor been able to provide this Court with any reasonable justification for relief that they seek to obtain in this motion, and (3) there is now pending a formal request by the Defendants who seek to obtain dispositive relief in the form of a summary judgment, the Plaintiffs' motion for voluntary dismissal without prejudice must be, and is, denied.

IT IS SO ORDERED.

Dated: <u>February 6, 2006</u>                            <u>s/ Julian Abele Cook, Jr.        </u>

       Detroit, Michigan                            JULIAN ABELE COOK, JR.

                                  United States District Court Judge

<u>Certificate of Service</u>

    I hereby certify that on February 6, 2006,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                    <u>s/ Kay Alford        </u>

                                    Courtroom Deputy Clerk