UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY ELLIOT, and TIMOTHY ELLIOT,

        Plaintiffs,

                                        Case number 05-71501

v.                                   Honorable Julian Abele Cook, Jr.

BOTSFORD CONTINUING HEALTH CENTER, a
domestic non-profit corporation, and LAWRENCE
PERKINS, an individual, jointly and severally,

        Defendants.

ORDER

On November 30, 2005, the Plaintiffs, Kimberly and Timothy Elliot, filed a motion, in which they seek to amend their complaint. For the reasons that are stated below, their motion must be denied.

I.

The Plaintiffs' claim arises from the termination of Kimberly Elliot's employment in February, 2005 by the corporate Defendant, Botsford Continuing Health Center ("Botsford"), allegedly in violation of Title VII of the Americans With Disabilities Act, 42 U.S.C. § 12117. However, they now seek to amend their complaint with the addition of two new claims; to wit, (1) a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and (2) a retaliation claim under the Employee Retirement Income Security Act 29 U.S.C. § 1001 *et seq.*

II.

A motion to amend a complaint "shall be freely given when justice so requires." Fed. R.

1

Civ. P. 15(a).  The issue of whether to grant or deny a request to amend a pleading is within the discretion of the trial court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, the Supreme Court has identified some instances in which an amendment should be denied, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment."  *Id.*  In denying a motion to amend, a court is urged to find "at least some significant showing of prejudice to the opponent."  *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).  Notwithstanding the admonitions by the *Moore* court, there are certain situations in which the allowance of an amendment after the close of discovery could cause significant prejudice to the opposing party.  *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999).  Additionally, courts are encouraged not to deny an amendment unless the delay in implementing the proposed modification could be considerable**.** *Moore,* 790 F.2d at 560.

III.

In this case, the Plaintiffs filed their complaint on April 18, 2005.  The Court established October 7, 2005 as the date on which all discovery should be completed.  The Plaintiffs' current motion was not filed for nearly seven weeks after the designated discovery cut off date. In their motion, the Plaintiffs generally maintain - without any reasonable or justifiable explanation **-** that it was only through the discovery process, they became aware of the claims that are now sought to be asserted against the Defendants.

Following its review of the official records in this cause, the Court notes with interest that the Plaintiffs have not undertaken any steps or procedures with which to obtain a modification or a relaxation of the controlling dates within the Scheduling Order. In addition, it appears that they

2

have intentionally or unintentionally delayed their pursuit of these two claims against the Defendants until (1) the deadlines for the completion of discovery and the filing of the dispositive motions had passed, and (2) the Defendants' motion for summary judgment had been filed with the Court. Finally, there appears to be no justification for the Plaintiffs' failure to prosecute their claims against the Defendants and, significantly, they have not advanced any reasons for this self-imposed procedural inactivity.

In the judgment of the Court, an amendment of the complaint at this stage, which is designed to include the addition of two claims subsequent to the close of discovery, would unduly prejudice the Defendants, all of whom claim to have expended a significant effort and expense in defending against the Plaintiffs' original claim. Moreover, the Plaintiffs should have been aware of their potential claims from the outset of this litigation, especially when their relationship to the original claim in this matter is taken into consideration.

Accordingly, the Plaintiffs' motion to amend the complaint must be, and is, denied.

IT IS SO ORDERED.


Dated:   February 6, 2006              s/ Julian Abele Cook, Jr.
         Detroit, Michigan            JULIAN ABELE COOK, JR.
                                      United States District Judge



<u>Certificate of Service</u>

I hereby certify that on February 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                      s/ Kay Alford
                                      Courtroom Deputy Clerk


3